UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60168-CIV-UNGARO/SIMONTON

JAMES WILLIAMS,

    Plaintiff,

v.

R.W. CANNON, INC., *et al.*

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL BY DEFAULT

Presently pending before the Court is the Motion to Compel re: Plaintiff's First and Second Requests for Production (DE # 18). This motion was referred to the undersigned Magistrate Judge by the Honorable Ursula Ungaro, United States District Judge (DE # 19). Defendants have not responded to this motion, and pursuant to this Court's Local Rules, the last day for Defendants to timely file a memorandum in opposition to Plaintiff's motion to compel was May 9, 2008. *See* S.D. Fla. L.R. 7.1.C. On May 12, 2008, Plaintiff filed a Motion for Entry of an Order granting his motion to compel by default (DE # 22).

    I.    **PLAINTIFF'S MOTION TO COMPEL**

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.* Plaintiff served two separate requests for production on Defendants, and the instant motion concerns Defendants' refusal to produce documents that are responsive to four discrete categories of materials that Plaintiff requested.

    A.    First Request No. 13

In Request No. 13 of his First Request Production, Plaintiff, James Williams,

1

sought the production of any documents relating to Defendants' affirmative defenses in this lawsuit.  Defendants asserted that the requested materials were subject to the work-product privilege, but Plaintiff moved to compel their production on the grounds that the documents are relevant; that underlying documents generated independent of litigation do not become privileged merely because they are turned over to an attorney; and, that a privilege log must be produced in conjunction with a refusal to produce responsive materials based on a claim of privilege (DE # 18 at 4-6).  Plaintiff notes that he specifically requested that Defendants turn over a privilege log, which they have failed to do.  *Id.* at 5-6.

        B.      First Request No. 9 and Second Request Nos. 1-2

Plaintiff also sought to discover materials pertaining to other instances in which Defendants allegedly failed to comply with the FLSA, including: First Request No. 9, in which Plaintiff sought Defendants' records pertaining to employees' complaints regarding overtime compensation; Second Request No. 1, in which Plaintiff sought all discovery requests and responses served in an FLSA case involving another one of Defendants' former employees, Mariano Soliz; and Second Request No. 2, in which Plaintiff sought the personnel and payroll files of Mr. Soliz.

Defendants' sole objection to these materials is that they are not relevant, but Plaintiff counters that they are relevant because they tend to rebut Defendants' affirmative defenses that they did not employ Plaintiff;[1] that they did not act willfully in failing to pay overtime compensation to Plaintiff; and that they acted in good faith in

---

[1] Plaintiff asserts that if Defendant responded to complaints lodged by similarly-situated employees by paying them overtime wages or acknowledging that overtime they were owed overtime wages, it would support Plaintiff's contention that he was also an employee entitled to overtime compensation.

**failing to pay overtime compensation to Plaintiff.  Plaintiff adds that they are also potentially relevant as evidence of a routine policy or practice of Defendants' in failing to pay overtime wages to eligible employees (DE # 18 at 6-10).**

**II.     DISCUSSION**

**Clearly, Defendant's failure to timely respond to Plaintiff's motion to compel provides good cause for granting the motion for default.  *See* S.D. Fla. L.R. 7.1.C.**

**Moreover, the undersigned agrees with Plaintiff that the requested materials are all relevant to the proceedings at bar.  The Court specifically finds that Defendants' failure to comply with the FLSA in the recent past under circumstances similar those presented here are germane to Defendants' affirmative defenses based on their lack of willfulness and good-faith non-compliance with federal overtime wage regulations.**

**In addition, the Federal Rules clearly prohibit a party from withholding privileged materials, as Defendants have done, without producing a privilege log that "describe[s] the nature of the documents . . . not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5).  It is, accordingly,**

**ORDERED AND ADJUDGED that Plaintiff's Motion to Compel (DE # 18) and Plaintiff's Motion for an Order granting his motion to compel by default (DE # 22) are GRANTED as follows:**

**1.     On or before May 28, 2008, Defendants shall produce all materials within their possession, custody or control that are responsive to Plaintiff's First Request No. 13; and, Defendants shall describe any materials withheld on the grounds of privilege in a manner sufficient to permit Plaintiff and the Court to assess the merits of their claim of privilege.**

2.       On or before May 28, 2008, Defendants shall produce all materials within their possession custody or control that are responsive to Plaintiff's First Request No. 9; and Second Request Nos. 1-2.

**DONE AND ORDERED** in Chambers in Miami, Florida on May 13, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record