UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60168-CIV-UNGARO

JAMES WILLIAMS,
    Plaintiff,

v.

R.W. CANNON, INC., a Florida
corporation, d/b/a INTERSTATE BATTERY
SYSTEMS OF COASTAL FLORIDA, and
ROBERT W. CANNON, individually,
    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court upon Defendants' Motion for Leave to File Amended Answer, filed May 8, 2008. (D.E. 21.) Plaintiff filed his response on May 20, 2008. (D.E. 33.) Defendants have not filed a reply. Also before the Court is Defendants' Motion for Continuance of Plaintiff's Motion for Summary Judgment, filed May 15, 2008. (D.E. 26.) Plaintiff filed his response on May 21, 2008. (D.E. 34.) Defendants have not filed a reply.[1] Also before the Court is Plaintiff's Motion for Entry of Order Granting by Default Plaintiff's Motion for Summary Judgment, filed May 13, 2008. (D.E. 23.) The matters are ripe for disposition.

THE COURT has considered the motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

This action for unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, was filed in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County Florida on January 16, 2008, and was removed to this Court on February 7,

---

[1] On May 16, 2008, the Court entered an Order Expediting Response, requiring Plaintiff to file responses to Defendants' Motion for Continuance of Plaintiff's Motion for Summary Judgment and Motion for Leave to File Amended Answer no later than May 21, 2008. (D.E. 31.) Defendants were directed to file their replies, if warranted, no later than May 27, 2008.

2008.  On February 9, 2008, Defendants filed their Answer and Affirmative Defenses, alleging as affirmative defenses that Defendants are not employers as defined by the FLSA, that Plaintiff's claims are barred by the relevant statutes of limitation, and that Plaintiff's action is barred based on Defendants' good faith compliance with the FLSA.  Defendants did not raise any exemption defenses.

On April 10, 2008, this Court entered a Scheduling Order, setting a May 30, 2008 deadline for adding parties or amending pleadings, an August 15, 2008 deadline for completing all discovery,[2] and a July 11, 2008 deadline for filing all motions other than motions in *limine*. On April 24, 2008, Plaintiff filed a motion for summary judgment as to liability.  Defendants' response to the motion for summary judgment was due on May 12, 2008.  Meanwhile, on May 8, 2008, almost a month before the deadline for adding parties or amending pleadings, Defendants moved the Court for leave to file an amended answer, to add the motor carrier exemption as an affirmative defense.  On May 13, 2008, Plaintiff filed a motion for entry of an order granting by default the motion for summary judgment, and on May 15, 2008, Defendants filed a motion for continuance of summary judgment or alternatively, for an extension of time to respond to the motion for summary judgment.

1. *Plaintiff's Motion for Entry of Order Granting by Default the Motion for Summary Judgment*

As a preliminary matter, the Court notes the rule in the Eleventh Circuit that "summary judgment, even when unopposed, can only be entered when 'appropriate.'" *United States v. One*

---

[2]The Court notes that in view of the other deadlines set forth in the Scheduling Order, including the July 2008 deadlines for filing all motions, the August 15, 2008 discovery deadline is a clear typographical error, and should be corrected such that June 15, 2008 is the operative discovery deadline.

*Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  Therefore, because "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but rather, must consider the merits fo the motion," the Court finds that Plaintiff's motion for an entry of an order granting by default the motion for summary judgment must be denied.  *Id*. at 1101-02 (noting that local rules cannot provide that summary judgment by default is appropriate).

2.      *Defendants' Motion for Leave to Amend Answer and Affirmative Defenses*

Pursuant to Federal Rule of Civil Procedure 15, unless a party is entitled to amend its pleading as a matter of course pursuant to Rule 15(a), a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(b).  Denial of such a motion is proper when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (finding that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" within the court's discretion).  Here, Plaintiff argues all three conditions are satisfied warranting denial.

Specifically, Plaintiff argues that Defendants have unduly delayed in bringing their motion to amend the answer and affirmative defenses insofar as they have not demonstrated why they could not have filed the motion earlier, or why they could not have raised the motor carrier

exemption as an affirmative defense when they filed their Answer and Affirmative Defenses in February 2008. Plaintiff points out that the new defense is not based on information that was unknown or unavailable at the time Defendants filed their original Answer and Affirmative Defenses. Plaintiff argues that he would by unduly prejudiced if the Court were to grant the motion to amend the answer and affirmative defenses because Plaintiff has already filed a motion for summary judgment as to liability, and the addition of the motor carrier exemption as an affirmative defense would introduce new issues of fact and law. Finally, Plaintiff argues that the addition of the motor carrier exemption as an affirmative defense would be futile because the motor carrier exemption does not apply.

     The Court is unpersuaded that denial of the motion to amend is warranted. First, in view of the fact that Defendants moved to amend the answer and affirmative defenses on May 8, 2008, almost a month before the May 30, 2008 deadline for adding parties or amending pleadings, the Court finds that Defendants have not unduly delayed in bringing their motion to amend. Moreover, although Plaintiff has already filed a motion for summary judgment, the Court finds that—in view of the corrected June 15, 2008 deadline for completing all discovery[3] and the July 11, 2008 deadline for filing all motions other than motions in *limine*—Plaintiff will not be unduly prejudiced if Defendants are granted leave to amend the answer and affirmative defenses to raise the motor carrier exemption as an affirmative defense. Furthermore, without making a determination on the merits, the Court is unable to evaluate at this stage Plaintiff's argument that the amendment would be futile because the motor carrier exemption is inapplicable. Accordingly, the Court finds that Defendants' motion for leave to amend should be granted. *See*

---

[3] *See supra* note 2.

*Forman*, 371 U.S. at 182 ("[T]he leave sought should, as the rules require, be 'freely given.'").

3.  *Defendants' Motion for Continuance of Summary Judgment*

Defendants move the Court for a continuance of Plaintiff's motion for summary judgment to allow Defendants the opportunity to conduct discovery, including taking Plaintiff's deposition. Rule 56(f) of the Federal Rules of Civil Procedure affords protection to a party opposing a summary judgment motion, when for valid reasons the party cannot present by affidavit facts to justify the party's opposition. Fed. R. Civ. P. 56(f). The Court finds that a continuance to allow Defendants the opportunity to conduct discovery is warranted, insofar as the discovery deadline has not passed, and in view of the Court's determination that Defendants may amend the answer and affirmative defenses to add the motor carrier exemption as an affirmative defense. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Order Granting by Default Plaintiff's Motion for Summary Judgment is DENIED. It is further

ORDERED AND ADJUDGED that Defendants' Motion for Leave to File Amended Answer is GRANTED. Defendants Amended Answer and Affirmative Defenses stands as filed. It is further

ORDERED AND ADJUDGED that Defendants' Motion for Continuance of Plaintiff's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Final Summary Judgment, filed on April 24, 2008, is DENIED WITHOUT PREJUDICE to allow the parties the opportunity to conduct additional discovery. It is further

ORDERED AND ADJUDGED that the Court's Scheduling Order entered on April 10, 2008 is AMENDED to reflect the corrected June 15, 2008 deadline for completing all discovery.

The operative deadline for completing all discovery is June 15, 2008.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of May, 2008.

*Ursula Ungaro*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record