## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60168-CIV-UNGARO

JAMES WILLIAMS,

      Plaintiff,

v.

R.W. CANNON, INC., a Florida
corporation, d/b/a INTERSTATE BATTERY
SYSTEMS OF COASTAL FLORIDA, and
ROBERT W. CANNON, individually,

      Defendants.

_____/

## ORDER ON MOTION TO STRIKE

THIS CAUSE came before the Court upon Plaintiff's Motion to Strike Defendants'

Motion for Summary Judgment and Motor Carrier Act Affirmative Defense, filed on July 16,

2008.  (D.E. 68.)  Defendants filed their Response on July 26, 2008.  (D.E. 73.)  The matter is

ripe for disposition.

THE COURT has considered the motion and the pertinent portions of the record and is

otherwise fully advised in the premises.

In his Motion, Plaintiff asks the Court to strike Defendants' motion for summary

judgment and Motor Carrier Act affirmative defense because Defendants failed to supplement

their answer to Plaintiff's First Set of Interrogatories after amending their answer with leave of

the Court to add as an affirmative defense Plaintiff's exemption from the FLSA under the Motor

Carrier Act.  Plaintiff also asserts that Defendants' statement of facts in support of their motion

for summary judgment is not properly supported by affidavit or other evidence in the record.

As to Plaintiff's assertion that Defendants' motion for summary judgment is not properly

supported by affidavit or other evidence in the record, the Court notes that Defendants filed the

affidavit of Robert Cannon and James Williams in support of their motion for summary

judgment one day after filing the motion.  The Court finds that Plaintiff cannot possibly have

been prejudiced by this late submission.

Moreover, the Court finds that Defendants' failure to supplement their answer to Plaintiff's interrogatories after having added the Motor Carrier Act exemption as an additional affirmative defense does not warrant striking Defendants' motion for summary judgment and Motor Carrier Act.  As Defendants point out, Plaintiff was on notice of the Motor Carrier Act exemption defense, and has had ample opportunity to address the factual basis for the affirmative defense, but failed to do so.  Furthermore, Plaintiff has had ample opportunity to depose Robert Cannon regarding the Motor Carrier Exemption.  Thus, the Court concludes that Plaintiff has failed to demonstrate how he would be prejudiced if the motion to strike is denied.

The Court also finds that Plaintiff has failed to demonstrate that an enlargement of time to conduct further discovery pursuant to Rule 56(f) of the Federal Rules Civil Procedure is warranted, as Plaintiff has not pointed to any specific facts that he would seek to discover.  *See Bailey v. Final Touch Acrylic Spray Decks, Inc.*, No. 6:06-cv-1578-Orl-19JGG, 2008 WL 312773, at *1-2 (declining to preclude the defendant's witness from testifying at trial despite the defendant's failure to disclose the substantive knowledge of the witness on the defendant's witness list in violation of Federal Rule of Civil Procedure 26(a), and explaining that based on the plaintiff's deposition testimony, the plaintiff "already had sufficient information to make a determination whether it was necessary to depose the witness[ ]," and also noting that the plaintiff had "made no attempt, either formal or informal, to compel better disclosures," and had the plaintiff "sincerely wanted information to determine whether additional depositions were necessary, he would have sought that information during discovery," but the plaintiff's "decision to make this objection two weeks before the trial 'raise[d] the inference that the plaintiff [was] not as concerned with obtaining the [information] as he [was] with [sic] holding in abeyance a putative discovery violation for the strategic purpose of using it late in the proceedings as a basis to prevent [the] defendant from defending the claims against [it]'" (citing *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Col. 2000) (internal citations omitted))).  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment and Motor Carrier Act Affirmative Defense is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of July, 2008.

_Ursula Ungaro_

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

3