UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60168-CIV-UNGARO/SIMONTON

JAMES WILLIAMS,

    Plaintiff,

v.

R.W. CANNON, INC., et al.,

    Defendants.
_____/

### ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SANCTIONS

Presently pending before the Court is Plaintiff's Motion for Sanctions (DE # 37). This motion is fully briefed (DE ## 51, 67) and has been referred to the undersigned Magistrate Judge (DE # 40). Based upon a careful review of the record as a whole and for the reasons stated herein, Plaintiff's motion is GRANTED, IN PART.

    I.    **BACKGROUND**

This is a lawsuit for overtime wages which arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (DE # 1). Plaintiff filed the instant motion for sanctions based on his contention that Defendants filed an Answer and Affirmative Defenses that contained unfounded denials and defenses and needlessly multiplied these proceedings (DE # 37).[1]

After Defendants filed their Answer and Affirmative Defenses on February 9, 2008 (DE # 4), Plaintiff initiated discovery proceedings in order to refute Defendants' denials and defenses. Defendants served responses to Plaintiff's interrogatories on March 11,

---

[1] Plaintiff has moved for sanctions against Defendants and their attorney, Scott M. Behren, jointly and severally. The use of the term "Defendants" herein shall refer both to the Defendants as well as their counsel, unless otherwise noted.

2008, responses to Plaintiff's request for production on March 28, 2008 and responses to Plaintiff's request for admissions on April 10, 2008 (DE # 39, Ex. 4). Plaintiff also served a subpoena to obtain Plaintiff's W-2 Forms from a third party (DE # 39, Ex. 5).

Based largely upon Defendants' own discovery responses, Plaintiff identifies the following denials and defenses which he contends were baseless or frivolous and, therefore, he argues, warrant the imposition of sanctions against Defendants under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (DE # 37).

First, Plaintiff argues that Defendants should not have denied liability under the FLSA in their Answer (DE # 37 at 2). Plaintiff points out that his affidavit states that he was not compensated for any overtime hours, while his pay stubs and Defendants' discovery responses establish that Plaintiff worked in excess of 40 hours for at least one week (DE # 37 at 4-7).[2]

Second, Plaintiff argues that Defendants should not have denied that Plaintiff was "employed as a warehouseman" (DE ## 1, 4 at ¶ 4) because Defendants admitted that Plaintiff was employed by Defendants and there is no dispute that he was a warehouseman (DE # 37 at 5).

Third, Plaintiff argues that Defendants should not have denied that "Defendant, Robert W. Cannon, is the president and sole director of R.W. Cannon, Inc., responsible for the day-to-day operations of the corporation" and that he "hired, controlled and directed the work and/or compensation of" Plaintiff (DE # 1, 4 at ¶ 6), based on Defendants' clear statements to the contrary in their responses to Plaintiff's

---

[2] Specifically, Defendants' response to an interrogatory stated that "Plaintiff worked 43 hours per week" (DE # 37 at 5), and Defendants admitted that, "[d]uring the three-year period covered by this action, plaintiff worked in excess of 40 hours . . . in at least one week" (DE # 37 at 5).

interrogatories and request for admissions (DE # 37 at 5-6).

Fourth, Plaintiff argues that Defendants should not have denied that they are jointly and severally an "employer" and an "enterprise engaged in commerce" that conducts $500,000 in annual gross sales under the FLSA (DE ## 1,4 at ¶ 7) because the facts adduced during discovery clearly established otherwise (DE # 37 at 5-6).

Plaintiff served his motion for sanctions on Defendants on May 5, 2008 (DE # 37 at 1). On May 8, 2008, Defendants moved to file an Amended Answer and Affirmative Defenses solely for the purpose of adding the Motor Carrier Exception the FLSA as an affirmative defense; and, Defendants did not alter or remove any of the assertions that Plaintiff identified as frivolous (DE # 21). Thus, on June 2, 2008, Plaintiff filed the instant motion for sanctions with the Court (DE # 37).

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 11

Any individual who files a paper with the Court implicitly certifies that, to the best of that person's knowledge after a reasonable inquiry:

(1) [the paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Under the "safe harbor" provision of Rule 11, a motion for sanctions must be served upon the allegedly offending party and must not be presented to the Court "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R. Civ. P. 11(c)(2).

A motion for sanctions under Rule 11 demands a two-step inquiry, which requires a determination as to (1) whether the challenged contention is objectively frivolous; and, if so, (2) whether a reasonable inquiry would have revealed that the contention was frivolous. *See Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995). "The objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances.'" *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Even assuming that the filing of an initial paper does not violate Rule 11 based on the circumstances at the time the paper was signed, the filing of an amended paper that does not "substantially address[ ]" matters that have become frivolous based on newly discovered facts "violates the duty to conduct a reasonable pre-filing inquiry into fact." *Gutierrez v. City of Hialeah*, 729 F. Supp. 1329, 1334 (S.D. Fla. 1990). "Sanctions are warranted when a party exhibits a 'deliberate indifference to obvious facts.'" *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). Rule 11 sanctions may be imposed both against a party and against counsel. *See Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001).

B.   <u>28 U.S.C. § 1927</u>

In addition to sanctions under Rule 11, the Court is statutorily authorized to award sanctions in the form of attorneys' fees and costs when an attorney unreasonably and vexatiously multiplies the proceedings. 28 U.S.C. § 1927. The purpose of section 1927 is to deter and sanction attorneys "who willfully abuse the judicial process by conduct

tantamount to bad faith." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)). Sanctions under section 1927 requires more than mere negligence; rather, "'[b]ad faith' is the touchstone." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

   III.   ANALYSIS

      A.   Sanctions Are Not Warranted Under 28 U.S.C. § 1927

The undersigned concludes, at the outset, that the imposition of sanctions against Defendants is not warranted pursuant to section 1927, because the record indicates that Defendants' challenged conduct was merely negligent, and did not arise from a willful or bad faith attempt to unreasonably vex Plaintiff or multiply these proceedings. *See id.*

      B.   Sanctions Are Not Warranted for Defendants' Denial of Liability

Moreover, the undersigned concludes that the imposition of sanctions against Defendants is not warranted for Defendants' denial of liability either under Rule 11 or under section 1927. Although Plaintiff contends that there was no dispute that Plaintiff worked overtime hours without being compensated, Defendants contend that Plaintiff is exempt from the FLSA overtime provisions pursuant to the Motor Carrier Exemption. Although Defendants did not refer to the exemption in its initial Answer, it filed an Amended Answer for the purpose of adding it. Defendants had an arguable, good-faith basis for their legal argument that the FLSA does not apply to Plaintiff's claims; and, therefore, its denial of liability was neither frivolous or asserted in bad faith.[3]

---

[3] The undersigned is aware that the Court granted summary judgment in this case in a detailed Order (DE # 100). Nevertheless, the undersigned concludes that it was not frivolous or unwarranted to pursue this defense, nor did Plaintiff expressly argue that this aspect of the Answer was unwarranted. The motion for sanctions, in fact, was

5

C.      Sanctions Are Warranted Under Rule 11 for Frivolous Factual Denials

The undersigned finds, however, that Rule 11 sanctions must be imposed against Defendants because they frivolously denied factual allegations in Plaintiff's Complaint, even though the allegations were true and Defendants either knew that they were true or would have known that they were true after conducting a reasonable inquiry.  The allegations were: (1) that Plaintiff was "employed as a warehouseman"; (2) that Defendant, Robert W. Cannon, is the sole director of R.W. Cannon, Inc., is responsible for the day-to-day operation the company, hired Plaintiff, and controlled Plaintiff's employment and compensation; (3) that Defendants, jointly and severally, are an "employer" and an "enterprise engaged in commerce" with gross receipts over $500,000 under the FLSA.

First, there is no question that it was frivolous for Defendants to assert these factual denials because there was no evidence to support them and, in fact, Defendants were aware that they were untrue.  *See Jones v. Int'l Riding Helmets, Ltd.*, 158 F.3d 516, 524 (11th Cir. 1998).  All of the information necessary to decide whether to admit or deny the allegations in question was either known to Defendants or immediately available to them.  *See* Fed. R. Civ. P. 11(b)(4).  Second, assuming that it was necessary to conduct *any* investigation to conclude that their denials were frivolous, even the most cursory investigation would have made it clear that they were frivolous.  Defendants have not asserted any reason to excuse their failure to conduct such a cursory investigation.  *See Jones*, 158 F.3d at 524.

Even if it could be argued that the failure of Defendants' counsel to uncover these basic facts was excusable when he filed the initial Answer, there is no basis in the

---

filed *before* this defense was asserted.

6

record to excuse the fact that he reasserted the same frivolous denials in the Amended Answer even after those facts had come to light through discovery and even though he had been served with Plaintiff's motion for sanctions, which explained in detail how and why Defendants' assertions were frivolous.  *See Gutierrez v. City of Hialeah*, 729 F. Supp. 1329, 1334 (S.D. Fla. 1990).

The undersigned notes that Defendants did not file a timely response to Plaintiff's motion for sanctions; and, the response did not contain any substantive factual basis or legal authority to support the arguments asserted therein.

First, Defendants state that their initial Answer was generated with the "best information" available at the time, "based on time constraints," but this argument is not persuasive because Defendants fail to substantiate their conclusory reference to "time constraints" without explaining the nature of the alleged time constraints or providing any legal authority to support their position (DE # 51 at 2, ¶ 3).  The undersigned finds, based upon her independent review of the record as a whole, that there were no circumstances to justify Defendants' failure to conduct the cursory investigation necessary to determine that the factual assertions challenged by Plaintiff were, indeed, frivolous.

Second, Defendants state that their failure to fix their frivolous denials in their Amended Answer was inadvertent, but this argument is geared to the imposition of section 1927 sanctions, which incorporates a willfulness requirement, and not Rule 11 sanctions, which do not require proof that the assertion of a frivolous position was committed out of bad faith (DE # 51 at 2, ¶ 3).  *See Byrne v. Nezhat*, 261 F.3d 1075, 1105-06 (11th Cir. 2001) ("[I]f, after dismissing a party's claim as baseless, the court finds that the party's attorney failed to conduct a reasonable inquiry into the matter, then the court

is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound."). Maintaining the same denials in the Amended Answer only engendered confusion when considered together with the discovery responses that admitted the same facts.

Third, the fact that Defendants complied with this Court's Order to excise its frivolous assertions and file a Second Amended Answer (DE # 49) does not cure Defendants' violation of Rule 11 in their filing of the initial Answer and the Amended Answer (DE # 51 at 2, ¶ 3). Plaintiffs were required to expend time and resources to establish that these facts were truly uncontested.

Fourth, Defendants state that Plaintiff's motion "is mooted by the fact that Defendants have asserted the Motor Carrier Exemption," which, if successful, will mean that Plaintiff is "entitled to no overtime whatsoever" (DE # 51 at 2-3, ¶ 4). This argument is completely unfounded because Rule 11 sanctions may be imposed against any person who asserts frivolous positions in court papers, without regard to whether that person ultimately prevails in the underlying litigation. *See Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987) ("Neither 'prevailing' on the merits nor an entitlement to 'costs' is a necessary condition of a Rule 11 award."). Moreover, as noted above, the court has granted summary judgment against Defendants on this defense.

IV.  **CONCLUSION**

Based upon the foregoing analysis, the undersigned finds that Plaintiff was forced to incur additional litigation expenses because of the above denials. The Court notes that Plaintiff did not quantify this additional expense. Based upon a review of the record as a whole, it appears that the additional time spent to establish these uncontested facts would be less than two hours. Plaintiff will be permitted to establish

the amount of sanctions sought by filing a Motion to Establish Amount of Award with appropriate documentation within thirty days after the entry of a final judgment in this case.  It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions (DE # 37) is **GRANTED, IN PART**.  Within thirty days of the entry of judgment in these proceedings, Plaintiff may submit the evidence required to ascertain the value of costs and attorneys' fees to be imposed as a sanction against Defendants and their counsel, Scott M. Behren, jointly and severally, pursuant to Federal Rule of Civil Procedure 11.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 24, 2008.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Ursula Ungaro,
  United States District Judge
All counsel of record