UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60168-CIV-UNGARO/SIMONTON
CONSENT CASE

JAMES WILLIAMS,

    Plaintiff,

v.

R.W. CANNON, INC., et al.,

    Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR
AWARD OF LIQUIDATED DAMAGES

Presently pending before the Court is Plaintiff's Motion for Award of Liquidated Damages (DE # 137). This motion is fully briefed (DE ## 140, 144) and this case is referred to the undersigned Magistrate Judge for final disposition based upon the consent of the parties (DE # 109). Based upon a thorough review of the record and for the reasons stated herein, Plaintiff's motion is GRANTED.

    I.    BACKGROUND

This is an action for overtime wages that arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Following a five-day trial, the jury returned a verdict in Plaintiff's favor finding that he was owed $9,095.42 for 420.50 previously uncompensated overtime hours that he worked between 2005 and 2007 (DE # 134).

Because the statute of limitations for an FLSA claim is ordinarily two years, unless the claim "aris[es] out of a willful violation," 29 U.S.C. § 255(a), the Jury Verdict specifically found that Plaintiff proved "by a preponderance of the evidence that Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act" (DE # 134).

Plaintiff then filed the instant motion for liquidated damages based upon the Jury Verdict in his favor and section 216(b) of the FLSA, which provides that

> [a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).  Plaintiff acknowledges that the Court has discretion to reduce or deny an award of liquidated damages if a defendant satisfies the "good-faith" defense by showing both that he acted in good faith (the subjective good-faith component) and had reasonable grounds for believing that his act or omission did not constitute a violation of the FLSA (the objective good-faith component).  Plaintiff argues, however, that the good faith defense is not available in this case based on the jury's finding of willfulness and the absence of any evidence introduced at trial to identify Defendants' good-faith basis for violating the FLSA (DE # 137).

Based upon the clear and binding Eleventh Circuit precedent that precludes a good faith finding by the Court after the jury has found a willful violation of the FLSA, the undersigned agrees that Plaintiff is entitled to an award of liquidated damages.

II.     ANALYSIS

The Eleventh Circuit recently addressed the precise issue that is presently facing the Court, where the jury has made a specific finding of willfulness for the purpose of determining the limitations period and the parties dispute whether the Court can apply the "good-faith" defense to deny or reduce the imposition of liquidated damages.  In *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008), the Eleventh Circuit succinctly stated that, "in an FLSA case[,] a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from

finding that the employer acted in good faith when it decides the liquidated damages question."  515 F.3d at 1166.  The Court added that "to find 'good faith' after a finding of 'willful' violation is illogical; the two terms are now mutually exclusive."  *Id.* at 1165.

Based on the similarities between *Alvarez Perez* and the instant case, the undersigned specifically ordered Defendants to address the applicability and effect of that decision in their response (DE # 138), which Defendants failed to do (DE # 140).[1]  Instead, they cited an Eleventh Circuit decision handed down prior to *Alvarez Perez* in which the Court recognized, without resolving, the split of authority which it later resolved in *Alvarez Perez* (DE # 140) (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259 (11th Cir. 2008)).  Based on the circuit split that existed prior to *Alvarez Perez*, Defendants claim that it "is not necessarily the case" that a finding of willfulness by the jury precludes a finding of good faith by the Court (DE # 140 at 4).

What Defendants fail to mention, however, is that the Eleventh Circuit in *Alvarez Perez* squarely opted to follow the "majority side of the circuit split" that it identified but did not resolve in *Rodriguez*, which means that a finding of willfulness by the jury does, in fact, preclude a good faith finding by the Court.  *Alvarez Perez*, 515 F.3d at 1166.  Although *Rodriguez* accurately reflects that the law was once unclear on this issue, there is now binding precedent from the Eleventh Circuit that forecloses Defendants' contention that they are eligible for the good-faith defense to the imposition of liquidated damages under the FLSA.  *See id.* at 1165-66; *Morgan v. Family Dollar Stores, Inc.*, 551

---

[1] Defendants failed to file a response within the time provided in the Court's Order.  Thus, one week later, Plaintiff filed a motion to grant its motion for liquidated damages by default (DE # 139), which the undersigned denied (DE # 141) based upon the fact that Defendants followed their response the following day (DE # 140).  For the reasons stated herein, the undersigned now concludes that it is appropriate to grant Plaintiff's motion for liquidated damages on the merits.

F.3d 1233, 1282-83 (11th Cir. 2008).

As the Eleventh Circuit explained in *Alvarez Perez*, "given [its] holding that a jury's finding of willfulness forecloses a judge from finding good faith, evidence that an employer acted without willfulness and in good faith makes a difference at this stage only if that evidence compels judgment as a matter of law for the employer." *Alvarez Perez*, 515 F.3d at 1167; *accord Morgan* 551 F.3d at 1282. Defendants do not attempt to argue that the evidence presented in this case compels a judgment as a matter of law in Defendants' favor; and, the undersigned expressly finds that the jury's finding of willfulness is supported by the evidence introduced during the course of the trial.[2] It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Award of Liquidated Damages (DE # 137) is **GRANTED**. Plaintiff is awarded liquidated damages in the amount of $9,095.42, in addition to the equal amount of actual damages awarded by the jury.

**DONE AND ORDERED** in chambers in Miami, Florida on March 12, 2009

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
**All counsel of record**

---

[2] As Plaintiff notes in his motion, the jury's verdict was supported by, among other things, the FLSA poster displayed in the workplace; the fact that a prior employee complained about not being paid overtime wages, and the lack of remedial measures Defendants took in response; Defendants' failure to seek professional advice regarding the payment of overtime wages; and Defendants' practice of ordering food to encourage their employees to eat while working (DE # 137 at 5).