UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number: 08-60168-Civ-Simonton

JAMES WILLIAMS,

   Plaintiff,

vs.

R. W. CANNON, INC., a Florida corporation, d/b/a INTERSTATE BATTERY SYSTEMS OF COASTAL FLORIDA, and ROBERT W. CANNON, individually,

   Defendants.
_____/

**Plaintiff's Reply to Defendants' Response to
Plaintiff's Motion for Costs, Including Attorneys' Fees**

Plaintiff, James Williams, replies as follows to Defendants' Response to Plaintiff's Motion for Costs, Including Attorneys' Fees.

**Reply**

**First**, as indicated by the pending Plaintiff's Motion to Grant by Default Plaintiff's Motion for Award of Liquidated Damages [DE 164], Defendants failed to timely respond to Plaintiff's Fees Motion. As with other prior motions filed by Plaintiff, the response was filed only after Plaintiff moved for default. So, it should be stricken.

**Second**, Defendants' contention that Plaintiff "failed to comply with the Local Rules by attempting to resolve the fee issue without the Court's

intervention" is simply untrue. A copy of a letter sent March 19, 2009 to Defendants to explore resolving the fees motion before it was filed April 13 is appended as Attachment 1. The letter requested that Defendants contact Plaintiff by March 26 to explore resolving the fees/costs issue without further litigation or the need for a full briefing and hearing on a fees and costs motion.[1]

**Third**, Plaintiff acknowledges that, as already indicated in the Fees Motion, in the Bartle case, the Court awarded rates of $300 and $400 for Ms. Daley and Mr. Amlong. However, as indicated by fees orders referenced in the Fees Motion, those rates were awarded by courts as early as 2005,[2] over four years ago (and put into effect by the law firm in 2004). Plaintiff's expert's affidavit indicates that the $325 and $450 rates sought in this case are reasonable, which they are in light of the passage of time and increased costs since 2004. Defendants have not presented any contrary expert affidavit indicating that the rates should not be adjusted to account for the passage of time since the rates were established and first awarded. Also, since Defendants

---

[1]Defendants' motion also makes reference to offers they made to resolve the case prior to trial. In doing so, Defendants have failed to inform the court that Defendants' settlement offers required that Plaintiff release his discrimination claims against Defendants, which claims were not a part of this lawsuit. Appended as Attachment 2 are examples of some of the offers made by Defendants which conditioned settlement on the release of the discrimination claims. As to Defendants' reference to the offer they made to resolve the claim October 1 2008, they also failed to indicate that their offer required Plaintiff to release his discrimination claim, and that Plaintiff asked them make an offer that excluded his discrimination or any other claim, which Defendants failed to do. See Attachment 2.

[2]Appended as Attachment 3 are the other fees orders in the Ruberte case that were inadvertently excluded from the fees motion.

do not challenge the rates for the other timekeepers referenced in the fees motion, their rates should be awarded as indicated in the motion.

**Fourth**, Defendants' contention that all of Mr. Amlong's time "should be eliminated completely from the fee petition in this matter" because he "undertook no actions in this case, filed no pleadings in this case and appeared for no hearings in this matter" should be rejected. See Fees Response, at page 5. Defendants' contention that Mr. Amlong filed no pleadings is untrue. He prepared some pleadings, including the complaint (as indicated by his 1/15/08 time entry), a copy of which (with his signature) is appended as Attachment 4; he assisted with research (as indicated by his 9/4/08 and 12/10/08 time entries); and assisted with trial preparation (as indicated by his 9/7/08, 9/8/08, 11/29/08, 12/8/08 time entries) and with the preparation of some of the pleadings (as indicated by his 9/4/08 and 1/28/09 time entries). Defendants have provided no expert testimony that the time claimed for Mr. Amlong is unreasonable.

**Fifth**, Defendants challenge all of the time claimed for Serena Eifert (1.80 hours) as administrative or clerical. Her time included tasks an attorneys would have performed if she did not, such as corresponding with Defendants about how and when witnesses would be produced for deposition (e.g., 4/22/08, 4/23/08, 5/22/08 time entries), about the joint scheduling report (2/25/08) and the pretrial stipulation (8/18/08, 9/17/08), and settlement (6/26/08).

**Sixth**, Defendants also challenge other time without pointing the court to the specific time entries claimed or the specific time entries challenged, and without furnishing an expert affidavit or even citation to any legal authority that

the time claimed was not reasonable or recoverable. Thus, those generalized objections should be rejected. See, e.g., Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997) (affirming fee award where the district court specifically found that the appellees' records appeared reliable and noted that Lockheed lodged only conclusory objections to the hours submitted), citing Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Generalized statements that the time spent was reasonable or unreasonable are not particularly helpful and not entitled to much weight…. As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."). In this case, Plaintiff's requested fees are supported by an expert affidavit attesting to the reasonableness of the fees claimed that have not been challenged by any opposing expert affidavit. So, the fees claimed should be awarded.

**Seventh**, as to the costs, unlike this case, the Bartle case referenced in Defendants' Response did not involve a trial or multiple summary judgment motions.[3] The undersigned's firm resolved that case after Plaintiff's summary judgment was filed. Bartle also did not address any ruling on expenses related to trial.

While Plaintiff acknowledges that the court's final order in Bartle denied costs for mediation, postage and online research as did the court in Hart v. Lindgren-Pitman, Inc., 576 F. Supp. 2d 1349, 2008 U.S. Dist. LEXIS 77998

---

[3]That case was resolved through a settlement prior to trial;

(S.D. Fla. 2008) after entry of the Magistrate's Report, Plaintiff requests that they be awarded as part of the attorneys' fees awarded in this case (as argued in the Fees Motion), especially with respect to the court-ordered mediation conference. Also, the travel expenses related to trial were necessary for Plaintiff's counsel to timely attend the trial proceedings and prepare for them.

As to the photocopies claimed for the $264.50, the costs chart included in Ms. Daley's Declaration (page 9) referenced a detailed summary for each photocopy claimed for that amount. That summary was apparently omitted inadvertently when the various notices of filing exhibits were filed with the court because of the size volume limitations for the court's e-filing system. A copy of that summary is appended as Attachment 5.

**Seventh**, Defendants cite the result in Bartle to suggest that somehow the fees sought in this case are unreasonable when Bartle is considered. However, the result in that case suggests the opposite. In Bartle, although the Plaintiff did not receive all of the damages listed in statement of claim ($15,000 vs. the $33,170.59 sought in her statement of claim),[4] she was awarded $51,057.45 in attorneys' fees. She was awarded that amount of fees in a case that, unlike this case, did not involve the filing of three motions for summary judgment (two by plaintiff and one by defendant), motions to compel regarding discovery issues, in person hearings, a full blown five-day trial and post judgment motions. While Defendants take issue with the amount of fees incurred, the have not offered any opposing expert affidavit to indicate that the

---

[4]In this case, Plaintiff's rule 26 disclosure listed damages of approximately $39,461 (pre-discovery), and Plaintiff recovered $18,190 after trial.

fees sought are unreasonable in light of the history of this case and the issues litigated.

***Finally***, Plaintiff also seeks as supplemental fees those fees incurred after the date listed in the Fees Motion, including with respect to this reply. See Johnson v. University College, 706 F.2d 1205, 1207 (11th Cir.), cert. denied, 464 U.S. 994  (1983). Those fees total $7,845.00 after exclusions (for 26 hours), as outlined on the charts appended as Attachment 6.

July 6, 2009                                    Respectfully submitted,

Ft. Lauderdale, Florida                          /s/ Jennifer Daley
                                                                JENNIFER DALEY
                                                                Florida Bar Number 856436
                                                                jdaley@theamlongfirm.com
                                                                AMLONG & AMLONG, P.A.
                                                                500 Northeast Fourth St., Second Floor
                                                                Fort Lauderdale, Florida 33301-1154
                                                                (954) 462-1983/ (954) 523-3192 (fax)
                                                                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the United States District Court for the Southern District of Florida and thereby electronically transmitted to counsel of record.

                                                               s/ Jennifer Daley
                                                               Jennifer Daley

## SERVICE LIST

Scott M. Behren, Esquire
Florida Bar Number 987786
Behren & Associates
scott@behrenlaw.com
2853 Executive Park Drive, Suite No. 103
Weston, FL 33331
Attorneys for Defendants

\\amlong3\cpshare\CPWin\HISTORY\090702_0001\E98.2E2